UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT
FUNDS and TRUSTEES OF THE
OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT
FUNDS,

                    Plaintiffs,

CASE NO. 2:13-CV-13033
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

TESTA CORP. and
STEVEN D. TESTA,

                    Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' OCTOBER 10, 2013 APPLICATION FOR DEFAULT JUDGMENT AGAINST TESTA CORP. (Doc. Ent. 8)**

**I.     RECOMMENDATION:** The Court should grant plaintiffs' October 10, 2013 application for default judgment against Testa Corp. (Doc. Ent. 8). Specifically, the Court should enter default judgment against Testa Corp. as to liability and may conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages.

**II.    REPORT:**

**A.     This case was filed on July 16, 2013.**

On July 16, 2013, Operating Engineers' Local 324 Fringe Benefit Funds and Trustees of the Operating Engineers' Local 324 Fringe Benefit Funds ("Plaintiffs") filed this lawsuit against Testa Corp. and Steven D. Testa ("Defendants"). Doc. Ent. 1. The complaint sets forth claims for damages and injunctive relief. *See* Doc. Ent. 1 ¶¶ 11-29.

1

Summonses for Testa Corp. and Steven D. Testa were issued on July 16, 2013. Doc. Entries 2 and 3. A copy of the summons and complaint were personally served by plaintiffs' counsel upon Testa Corp. on July 18, 2013 at The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. Doc. Ent. 4.

**B.     The Clerk Entered Default as to Testa Corp. on October 8, 2013.**

On October 8, 2013, plaintiffs filed a request to enter default of Testa Corp. Doc. Ent. 5. At the same time, plaintiffs filed the affidavit of plaintiffs' counsel, wherein he attests that he has "not been served with any answer or other responsive pleading to the Complaint, the allegations of which are deemed admitted, and the time for Defendant to answer or otherwise respond to the Complaint has not been extended." Doc. Ent. 6 ¶ 4.

That same day, the Clerk of the Court entered default as to Testa Corp. "for failure to plead or otherwise defend[.]" Doc. Ent. 7; *see also* Fed. R. Civ. P. 55(a) ("Entering a Default.").

**C.     On October 10, 2013, Plaintiffs Filed an Application for Default Judgment Against Testa Corp.**

On October 10, 2013, plaintiffs filed an application for default judgment against Testa Corp. "to issue a default judgment in favor of Plaintiffs and against Defendant Testa Corp." Doc. Ent. 8 at 1. As an initial matter, plaintiffs explain that, since the initiation of this litigation, they have "recovered $233,019.20 toward satisfaction of Defendant's delinquencies and completed an audit covering work performed from February through June 2013[.]" Doc. Ent. 8 ¶ 1. Plaintiffs' application sets forth a known indebtedness of $40,720.11, but also describes a potential unknown amount. Doc. Ent. 8 ¶¶ 2, 4.

Attached to plaintiffs' application is the affidavit of Jeffrey M. Lesser, counsel for plaintiffs (Doc. Ent. 8-1). Here, Lesser reiterates his attestation that he has "not been served

with any answer or other responsive pleading to the Complaint, the allegations of which are deemed admitted, and the time for Defendant to answer or otherwise respond to the Complaint has not been extended." Doc. Ent. 8-1 ¶ 3. He also attests to the updated $40,720.11 of known indebtedness. Doc. Ent. 8-1 ¶ 4. Furthermore, Lesser states that "[d]efendant has not made any payment toward satisfaction of the indebtedness stated above or produced requested records for completion of an audit covering the period from July 2013 onward." Doc. Ent. 8-1 ¶ 5.

Judge Murphy has referred this application to me. Doc. Ent. 9.

**D.     Applicable Law**

Entry of a default judgment is governed by Fed. R. Civ. P. 55(b):

**(b) Entering a Default Judgment.**

**(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b).

**E.     Discussion**

**1.     The Court should enter default judgment against Testa Corp. as to liability.**

According to the State of Michigan's Department of Licensing and Regulatory Affairs, the resident agent for Testa Corp. is The Corporation Company, 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.  *See* www.michigan.gov/lara, Agencies, Bureaus & Commissions, Corporations Division, Business Entity Search.[1]  Thus, it appears that defendant Testa Corp. was properly served on July 18, 2013.  Fed. R. Civ. P. 4(h) ("Serving a Corporation, Partnership, or Association.").

So long as defendant Testa Corp. was properly served on July 18, 2013, its responsive pleading would have been due on or about Monday, August 12, 2013.  Fed. R. Civ. P. 12(a)(1)(A)(i) ("within 21 days after being served with the summons and complaint[.]"); Fed. R. Civ. P. 6(a)(1), (d).  Even if defendant Testa Corp. had timely waived service in accordance with Fed. R. Civ. P. 4(d), its responsive pleading would have been due on or about Thursday, September 19, 2013.  Fed. R. Civ. P. 12(a)(1)(A)(ii) ("if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent[.]"), Fed. R. Civ. P. 6(d).

On two occasions - October 8, 2013 and October 10, 2013 - plaintiffs' counsel has attested that he has "not been served with any answer or other responsive pleading to the Complaint[.]"  Doc. Ent. 6 at 2 ¶ 4; Doc. Ent. 8-1 ¶ 3.  Furthermore, plaintiffs served a copy of

---

[1]*See* http://www.dleg.state.mi.us/bcs_corp/dt_corp.asp?id_nbr=60656Q&name_entity=TESTA%20CORP (visited Nov. 15, 2013).

4

their October 10, 2013 application for default judgment against Testa Corp. (Doc. Ent. 8) upon Testa Corp. at 360 Audubon Road, Wakefield, Massachusetts 01800.  Doc. Ent. 8 at 4; *see also* www.testacorp.com, "Contact."[2]

To date, defendant Testa Corp. has not made an appearance in this case.

**2.    The Court may conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages.**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*. 183 F.3d 151, 155 (2d Cir. 1999).  *See also Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355-356 (6th Cir. 2009) (citing *Credit Lyonnais Sec. (USA), Inc.*).  As the Second Circuit has instructed,

> Rule 55(b)(2) provides that when granting a default judgment, if "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence ... the court may conduct such hearings or order such references as it deems necessary and proper." At the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities. This was insufficient evidence upon which to enter the amount of the judgment.

*Credit Lyonnais Securities (USA), Inc.*, 183 F.3d at 154-155.  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id*. at 155.

Here, the Court may wish to conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages.  To begin, plaintiffs' July 16, 2013 complaint claims, among

---

[2]*See* http://www.testacorp.com/contactmain.asp (visited Nov. 15, 2013).

other things, that:

> 17. Defendant maintains a known indebtedness to the Funds in the amount of $257,910.92, consisting of $235,079.17 in fringe benefit contributions disclosed in reports that the business entity submitted to the Funds for work performed from April through June 2013, and $19,907.49 in *liquidated damages* arising from untimely paid and unpaid fringe benefit contributions and $2,924.26 in interest on unpaid fringe benefit contributions for work performed from March through May 2013.
>
> 18. Defendant's indebtedness to the Funds includes $98,440.50 in contributions owing for April 2013 work, which the business entity purported to pay through its checks 119792 and 119793 that were unable to be deposited in the Funds' account due to insufficient funds in the business entity's account to cover the checks.
>
> 19. In addition to amounts stated above, the business entity owes contributions to the Funds arising from work performed from July 1, 2013 onward.
>
> 20. Verification of the amount that Defendant owes to the Funds remains *unknown* as a result of business entity's failure to produce books and records for a payroll *audit* that the Funds initially requested on April 16, 2013.

Doc. Ent. 1 ¶¶ 17-20 (emphasis added).

By comparison, on November 4, 2013, plaintiffs electronically submitted a proposed default judgment against defendant Testa Corp., which seeks, in part, production of documents requested for an audit and payment of certain amounts. Among other things, plaintiffs seek payment for:

> The sum of $40,721.11, consisting of $11,537.81 *audit* billing covering work through June 2013, $17,150.68 in fringe benefit contributions that Defendant reported owing for work performed in July 2013, $473.64, in *liquidated damages* on unpaid contributions for July 2013, $4,314.70 in interest, $6,727.50 in attorney's fees and $516.78 in costs, representing the undisputed amount that Defendant owed Plaintiffs as of October 10, 2013, as specified in Plaintiffs' Application for Default Judgment.

Prop. Jdgmnt ¶ 3(a) (emphasis added).

Furthermore, while plaintiffs' counsel's affidavits attest to personal familiarity "with the facts set forth in this affidavit[,]" his October 8, 2013 and October 10, 2013 affidavits concern service of the summons and complaint upon defendant Testa Corp. and/or the absence of an answer or other responsive pleading to the complaint. *See* Doc. Ent. 6, Doc. Ent. 8-1. In addition, plaintiffs' counsel's October 10, 2013 affidavit attests that "[d]efendant maintains a sum certain in known indebtedness to Plaintiffs in the amount of $40,721.11," and that "[d]efendant has not made any payment toward satisfaction of the indebtedness stated above or produced requested records for completion of an audit covering the period from July 2013 onward[,]" Doc. Ent. 8-1 ¶¶ 4-5. However, the dollar amount set forth in the October 10, 2013 affidavit (Doc. Ent. 8-1 ¶ 4) and the November 4, 2013 proposed default judgment (Prop. Jdgmnt ¶ 3(a)) is a fraction of what is sought in the July 16, 2013 original complaint (Doc. Ent. 1 ¶¶ 17-18), presumably from the $233,019.20 aforementioned recovery.

Thus, at this time, the Court has before it only plaintiffs' allegations in the July 16, 2013 complaint (Doc. Ent. 1) and plaintiffs' counsel's October 8, 2013 and October 10, 2013 affidavits (Doc. Entries 6 and 8-1). Neither of the affidavits "purport to have personal knowledge of the facts," underlying plaintiffs' claims that Testa Corp. breached its obligations to the funds under the Collective Bargaining Agreement (CBA) or Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132 ("Civil enforcement"). *See* Doc. Ent. 1 ¶¶ 15, 21, 24 & 25. Instead, the October 10, 2013 affidavit "assert[s] an amount of damages sustained by plaintiff[s][.]" *See Credit Lyonnais Securities (USA), Inc.*, 183 F.3d at 154-155. And, while the amount set forth in the July 16, 2013 original complaint (Doc. Ent. 1 ¶¶ 17-18) has been reduced as described in the October 10, 2013 affidavit (Doc. Ent. 8-1 ¶ 4) and

7

the November 4, 2013 proposed default judgment (Prop. Jdgmnt ¶ 3(a)), there are still potential unknown amounts.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2013

**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 18, 2013     s/ Lisa C. Bartlett
                Case Manager