UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT
FUNDS and TRUSTEES OF THE
OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT
FUNDS,

|  |  |
|---|---|
| | CASE NO. 2:13-CV-13033 |
| Plaintiffs, | JUDGE STEPHEN J. MURPHY, III |
| | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

TESTA CORP. and
STEVEN D. TESTA,

Defendants,
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' FEBRUARY 25, 2014 BRIEF REGARDING DAMAGES (Doc. Ent. 28)

I.      **RECOMMENDATION:** If plaintiffs provide further explanation for the alleged

$430.64 in "liquidated damages resulting from this audit," then the Court should enter default

judgment against defendants in the amount of $17,536.60 owing as of January 9, 2014, as well as

interest on that amount from January 10, 2014 onward at the twelve (12) percent annual rate

used by Plaintiffs.  Otherwise, the Court should reduce the amount of the judgment sought by

$430.64.

II.     **REPORT:**

A.      **This case was filed on July 16, 2013.**

On July 16, 2013, Operating Engineers' Local 324 Fringe Benefit Funds and Trustees of

the Operating Engineers' Local 324 Fringe Benefit Funds ("Plaintiffs") filed this lawsuit against

1

Testa Corp. and Steven D. Testa ("Defendants").  Doc. Ent. 1.  The complaint sets forth claims for damages and injunctive relief.  *See* Doc. Ent. 1 ¶¶ 11-29.

Summonses for Testa Corp. and Steven D. Testa were issued on July 16, 2013.  Doc. Entries 2 and 3.  A copy of the summons and complaint were personally served by plaintiffs' counsel upon Testa Corp. on July 18, 2013 at The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025.  Doc. Ent. 4.

**B.     The Clerk of the Court has entered default as to defendants Testa Corp. and Steven D. Testa.**

On October 8, 2013, plaintiffs filed a request to enter default of Testa Corp.  Doc. Ent. 5; *see also* Doc. Ent. 6 (Affidavit of Jeffrey M. Lesser).  *That same day, the Clerk of the Court entered default as to Testa Corp. "for failure to plead or otherwise defend[.]"  Doc. Ent. 7; see also Fed. R. Civ. P. 55(a) ("Entering a Default.").*

By way of an October 17, 2013 order (Doc. Ent. 9), Judge Murphy referred to me plaintiffs' October 10, 2013 application for default judgment against Testa Corp. (Doc. Ent. 8).  On November 18, 2013, I entered a report (Doc. Ent. 10) recommending that the Court grant plaintiffs' October 10, 2013 application for default judgment against Testa Corp. (Doc. Ent. 8).  Specifically, I recommended that the Court enter default judgment against Testa Corp. as to liability and may conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages.  On November 26, 2013, Judge Murphy entered an order (Doc. Ent. 11) adopting my report and recommendation (Doc. Ent. 10) and referring to me for hearing to determine the amount of damages.[1]

---

[1]However, on January 7, 2014, plaintiffs filed a withdrawal (Doc. Ent. 16) of their October 10, 2013 application for default judgment against Testa Corp. (Doc. Ent. 8).

2

On January 7, 2014, plaintiffs filed a request to enter default of Steven D. Testa (Doc. Ent. 15). *On January 8, 2014, the Clerk of the Court entered default as to Steven D. Testa "for failure to plead or otherwise defend[.]" Doc. Ent. 17; see also Fed. R. Civ. P. 55(a) ("Entering a Default.").*

**C.     Plaintiffs Are Pursuing Entry of Default Judgment as to Defendants, and the Issue of Damages Has Twice Been Referred to Me.**

**1.**     By way of a November 26, 2013 order (Doc. Ent. 12), Judge Murphy referred to me the determination of damages.

**2.**     On January 9, 2014, plaintiffs filed an application for default judgment against defendants Testa Corp. and Steven D. Testa. Doc. Ent. 18.[2] However, the Clerk of the Court denied this request, on the basis that the amount requested cannot include attorney fees. Doc. Entries 19 and 20.

On January 13, 2014, plaintiffs filed an amended application for default judgment against defendants Testa Corp. and Steven D. Testa. Doc. Ent. 21.[3] However, the Clerk of the Court denied this request, on the basis that the amount requested cannot include attorney fees. Doc. Entries 22 and 23.

On January 13, 2014, plaintiffs filed a second amended application for default judgment against defendants Testa Corp. and Steven D. Testa. Doc. Ent. 24. However, on January 22, 2014, the Clerk of the Court denied this request, based on the "[p]ending [November 26, 2013 (Doc. Ent. 12)] referral to Magistrate Judge Komives to determine amount of damages[.]" Doc.

---

[2]This request listed $9,039.00 in attorney's fees. Doc. Ent. 18 at 2 ¶ 2.

[3]This request listed "attorney's fees[.]" Doc. Ent. 21 at 2.

3

Entries 25 and 26.

**3.**      By way of February 25, 2014 order (Doc. Ent. 30), Judge Murphy has referred to me

plaintiffs' February 25, 2014 brief regarding damages (Doc. Ent. 28).  Plaintiffs request entry of

judgment for $17,536.60[4] owing as of January 9, 2014, "and interest on that amount from

January 10, 2014 onward at the twelve percent annual rate used by Plaintiffs."  Doc. Ent. 28 at 2.

**D.      The Court Should Enter Default Judgment Against Testa Corp. and Steven D. Testa in accordance with Fed. R. Civ. P. 55(b) ("Entering a Default Judgment.").**

A hearing was noticed for March 6, 2014.  Doc. Ent. 27.  On the date set for hearing,

plaintiffs' counsel (Jeffrey M. Lesser) appeared in my courtroom.

During the hearing, I noted that the February 20, 2014 notice to appear on March 6, 2014

for a hearing to determine amount of damages contained a certificate of service which stated,

"this Notice was electronically filed, and the parties and/or counsel of record were served."  Doc.

Ent. 27.  Furthermore, I noted that plaintiffs filed a proof of service (Doc. Ent. 29) of their brief

regarding damages (Doc. Ent. 28) upon Testa Corp. and Steven D. Testa, 350 Audubon Road,

Wakefield, Massachusetts 01880 on February 25, 2014 via regular mail.

Still, defendants Testa Corp. and Steven D. Testa did not file a response and did not

---

[4]Plaintiffs explain that this amount consists of (A) the $11,537.81 audit billing covering work performed through June 2013, (B) $1,034.88 in liquidated damages on untimely paid contributions for July and August 2013 work, and (C) $4,963.91 in interest as of January 9, 2014.  Doc. Ent. 28 at 1.  Attached to their filing are documents supporting most of these figures. *See* Doc. Ent. 28-1 ($4,319.59 [indebtedness for 2/13 - 6/13] + $430.64 [THERE IS NO APPARENT, DETAILED EXPLANATION FOR THIS AMOUNT] + $6,787.58 [liquidated damages resulting from late payments for work performed in March, April and May 2013] = $11,537.81), Doc. Ent. 28-2 ($1,034.88 in liquidated damages on late contributions for work performed in July and August 2013) and Doc. Ent. 28-3 ($4,720.02 + $243.89 = $4,963.91 in accrued interest for the period June 15, 2013 through January 9, 2014).

appear on March 6, 2014.  Thus, given defendants' failure to respond or appear and having

reviewed plaintiffs' February 25, 2014 brief regarding damages (Doc. Ent. 28), I conclude that, if

plaintiffs provide further explanation for the alleged $430.64 in "[l]iquidated damages resulting

from this audit[,]" then the Court should enter default judgment against defendants in the amount

of $17,536.60 owing as of January 9, 2014, as well as interest on that amount from January 10,

2014 onward at the twelve (12) percent annual rate used by Plaintiffs.  Otherwise, the Court

should reduce the amount of the judgment sought by $430.64.

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

     The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.

Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Date: March 12, 2014                    s/Paul J. Komives_____
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 12, 2014.


                                        s/ Kay Doaks_____
                                        Case Manager